<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DAISY PENA, as Administratrix Ad Prosequendum and General Administrator of the ESTATE OF GEORGIE J. PENA, DAISY PENA, and GEORGE VEGA,<br><br>                                     Plaintiffs,<br>              v.<br><br>TOWN OF KEARNY et al.,<br><br>                                     Defendants. | Civil Action No. 13-06644 (SRC)<br><br>OPINION |

<u>CHESLER</u>, District Judge

This is an action for damages arising from the drowning death of Plaintiffs' son, Georgie J. Pena ("Pena"). Broadly speaking, Plaintiffs allege that a number of police officers caused Pena's death by failing to assist and protect him despite knowledge of his severe intoxication.

**I.**

The Complaint, originally filed in the Superior Court of New Jersey, seeks recovery under numerous state law causes of action. Relevant here, Plaintiffs allege that Defendants are liable under New Jersey's Civil Rights Act, N.J. Stat. Ann. 10:6-2(c) ("CRA"), "for damages caused by their subjection of [Pena] to the deprivation of rights and priviledged [sic] secured by the Constitution of the United States . . . ." (<u>See</u> Compl. at 13.) Plaintiffs also allege that certain Defendants "by and through their policy makers failed to ensure through custom, policy and/or practice that their police officers would obey [or otherwise abide] by appropriate and/or required protocol and procedures" regarding the handling of "intoxicated individuals." (<u>See</u> <u>id.</u> at 18; <u>see</u>

also id. at 21 (making similar allegations as to John Doe Defendants).)

Reading these allegations to invoke claims pursuant to 42 U.S.C. § 1983, Defendants Town of Kearny and Kearny Police Department ("Removing Defendants") removed the lawsuit to this Court under 28 U.S.C. §§ 1331 and 1441(a).  (See Notice of Removal ¶ 2-5.)  Plaintiffs now move to remand the case, arguing that their CRA claim and custom and policy allegations do not "raise[] federal questions over which this Court should have jurisdiction."  (See Reply Br. at 1.)  This Court agrees.

## II.

The legal standards governing a motion to remand are well-established.  "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."  Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  Where an action has been removed to federal court under 28 U.S.C. § 1441, it is the removing party's burden to demonstrate the existence of federal subject matter jurisdiction.  Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).  Federal courts exercise limited jurisdiction, possessing "only that power authorized by Constitution and statute."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  Section 1441 must therefore be "strictly construed against removal . . . ."  Samuel-Bassett, 357 F.3d at 396 (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)).  28 U.S.C. § 1447(c) mandates that "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## III.

Removing Defendants have failed to demonstrate the existence of federal question

jurisdiction over this lawsuit. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The "well-pleaded complaint rule," which governs the inquiry into federal-question jurisdiction, "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Kline v. Security Guards, Inc., 386 F.3d 246, 251 (3d Cir. 2004) (quoting Caterpillar, 482 U.S. at 392). From this rule derives the oft-quoted axiom that the plaintiff is "the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, 482 U.S. at 392; see also Horowitz v. Marlton Oncology, P.C., 116 F. Supp. 2d 551, 553 (D.N.J. 1999) ("A plaintiff cannot avoid federal jurisdiction by 'artful pleading' . . . but plaintiff may generally avoid federal jurisdiction by exclusively relying on state causes of action."). Thus, a district court can only entertain a case pursuant to § 1331(a) where "the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).

    It is undisputed that the instant Complaint only seeks relief pursuant to state law. Removing Defendants, however, contend that because Plaintiffs invoke rights secured by the federal Constitution in support of their CRA claim, and plead facts that could support a federal civil rights claim, they in fact allege "violations . . . pursuant to 42 U.S.C. § 1983." (See Opp. Mem. at 2.) Not so. Where a state law, like New Jersey's CRA, incorporates a federal standard for reference purposes, it does not transform the state claim into a federal question sufficient to

3

invoke § 1331(a).[1]  In an analogous context, Chief Judge Simandle has held a complaint that alleges a violation of New Jersey's RICO statute based on predicate acts created by federal law does not satisfy the "well-pleaded complaint" rule.  See Horowitz, 116 F. Supp. 2d at 553-55 (citing, *inter alia*, Merrill Dow Pharms., Inc. v. Thompson, 478 U.S. 804 (1986)).  Horowitz quotes at length from a District of Colorado decision, and this Court finds that language persuasive: "in the *absence* of a federal private right of action, the presence of a federal law in a state law claim is insufficient to establish federal question jurisdiction.  The [Supreme] Court [has not held] that the *presence* of a private right of action inevitably confers federal-question jurisdiction."  Id. at 555 (emphasis in original) (quoting Meinders v. Refco Sec., Inc., 865 F. Supp. 721, 723 (D. Col. 1994)).  Similarly here, the fact that the Complaint could be read to state a § 1983 claim premised upon federal constitutional violations is not enough to overcome Plaintiffs obvious intention to bring a state civil rights lawsuit; neither is the fact that the CRA references the federal Constitution in its private right of action provision.[2]

The Complaint also does not establish that this case involves the "resolution of a substantial question of federal law," Franchise Tax Bd., 463 U.S. at 27-28, what the Supreme Court has otherwise described as the limited circumstance where a federal issue "embedded" in a

---

[1] The CRA states, in pertinent part: "Any person who been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this state" may bring an action for damages.  N.J. Stat. Ann. § 10:6-2(c).

[2] Having found that the Complaint does not plead a § 1983 claim on its face, the Court must also reject Removing Defendants' argument that subject matter jurisdiction can be predicated on Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).  (See Opp. Mem. at 3-4.)  Monell is merely a vehicle by which a § 1983 plaintiff can hold municipalities liable given that § 1983 does not support respondeat superior liability.  See Brown v. City of Pittsburgh, 586 F.3d 263, 292 (3d Cir. 2009).  With no § 1983 claim on the face of the well-pleaded Complaint, it follows that Removing Defendants cannot satisfy their burden to demonstrate the existence of subject matter jurisdiction by simply pointing to language in the Complaint that echoes Monell.

state-law claim confers federal question jurisdiction. See Grable & Sons Metal Prods., Inc v. Darue Eng'g and Mfg., 545 U.S. 308, 313-14 (2005). As Justice Roberts has stated, interpreting the jurisprudence in this area is akin to painting on a canvas "that Jackson Pollock got to first." Gunn v. Minton, 133 S. Ct. 1059, 1065 (2013). Thankfully, no such brushwork is necessary here.

Both parties failed to brief the issue, and Removing Defendants do not argue jurisdiction is proper under Grable, its progeny, or its forebears. The Court will not do so for them. Moreover, the heavily circumscribed brand of jurisdiction conferred by a Grable-type analysis could not possible be present here. An embedded federal question can only ever support jurisdiction where the resolution of the question "is significant to the federal system as a whole." Gunn, 133 S. Ct. at 1068. This was the case in Grable, where a state law quiet title action raised questions touching upon the federal government's "direct interest in the availability of a federal forum to vindicate its own administrative action," rendering those questions important issues of federal law "that sensibly belong[ed] in a federal court." See 545 U.S. at 315. Here, in contrast, whether Plaintiffs can vindicate federal constitutional rights under the CRA is a heavily fact-dependent inquiry that, while "significant to the particular parties in the immediate suit," see Gunn, 133 S. Ct. at 1066, is of little importance to the operation of the federal system itself. Thus, even had Removing Defendants invoked embedded federal question jurisdiction, it would not be available here.

The only case law Defendants[3] do invoke is the District of Massachusetts' decision in Hood v. City of Boston, 891 F. Supp. 51 (D. Mass. 1995). But it is unclear why Defendants

---

[3] Removing Defendants do not cite Hood in their opposition papers. The Hood decision was instead brought to the Court's attention in a letter to Judge Cavanaugh, who was previously assigned to this case, from Defendants Town of Harrison and Officer Raymond McGuire. [Docket Entry 11.]

5

would think <u>Hood</u> is helpful to them here.  The <u>Hood</u> Court remanded a lawsuit after the Plaintiff signed the following stipulation:

> The plaintiff hereby waives any claims under 42 U.S.C. § 1983. The plaintiff acknowledges that unless the plaintiff is able to satisfy the threats, intimidation or coercion elements of [a certain Massachusetts Civil Rights Act Claim], plaintiff will not be entitled to recover on the theory of a violation of the Fourth and Fifteenth Amendments of the United States Constitution.

<u>Id.</u> at 52.  Thus, <u>Hood</u> granted a remand based on a stipulation that by its very terms acknowledged that violations of the federal Constitution could serve as predicates to a finding of liability under a state civil rights law.  That is exactly the argument Plaintiffs make in support of remand here.  (<u>See</u> Reply Br. at 2.)  Moreover, the <u>Hood</u> Court focused heavily on the risk that because the plaintiff's § 1983 and state law claims contained different elements plaintiff might argue in state court he could recover under both federal and state civil rights laws.  <u>See</u> 891 F. Supp. at 54.  Similar concerns do not appear to be present here.  [<u>See</u> Docket Entry 11, at 3 ("There is no material difference in the elements of proof required to establish a cause of action under" § 1983 and the CRA.).]  Far from convincing the Court it should keep jurisdiction over this case, <u>Hood</u> instead bolsters the conclusion that remand is appropriate.[4]

## IV.

In sum, Removing Defendants have failed to carry their burden to demonstrate that subject matter jurisdiction can be predicated upon a federal question presented on the face of the

---

[4] Echoing <u>Hood</u>, Defendants the Town of Harrison and Officer Raymond McGuire ask Plaintiffs to sign a stipulation waiving claims under both § 1983 and the CRA.  [Docket Entry 11, at 3.]  Whether or not Plaintiffs would agree to such a stipulation has no bearing on the instant motion.  It would of course be unseemly for Plaintiffs to aver before the Superior Court of New Jersey that they were in fact asserting a federal civil rights claim pursuant to § 1983, and at that point the case would become removable.  <u>See</u> 28 U.S.C. § 1446(b)(3) ("if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days" after defendant receives notice, through an amended pleading or otherwise, that the "case is one which is or has become removable").

Complaint.  It is readily apparent that Plaintiffs seek relief for, among other things, a violation of New Jersey's Civil Rights Act.  That the facts alleged could also implicate the federal Civil Rights Act does not change the nature of Plaintiffs' suit, which must be remanded to the Superior Court of New Jersey, Hudson County.  See 28 U.S.C. § 1447(c).

An appropriate Order will be filed herewith.

     s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: April 25th, 2014